INTERNATIONAL MILLING COMPANY, APPELLANT, V. CARL F. STAMM, APPELLEE.

FILED APRIL 10, 1931. No. 27614.

*Sidney W. Smith, G. F. Nye, H. L. Hoidale* and *Collins & Collins,* for appellant.

*William P. Nolan, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DEAN, J.

The International Milling Company, plaintiff herein, brought this action in the district court for Sarpy county to recover damages for an alleged breach of contract wherein the plaintiff agreed to sell and the defendant agreed to buy 150 barrels of flour at $9 a barrel. The jury found for the defendant, and from the judgment so rendered thereon by the trial court, the plaintiff has appealed.

The facts disclose that the plaintiff shipped and the defendant received and paid for 50 barrels of flour at the rate of $9 a barrel. In his answer the defendant admitted signing the contract, but he alleged and testified that, after using some of the flour in his bakery, he discovered that it was inferior in quality to that which he had ordered and which he had formerly bought from the company in the usual course of his business. Subsequently a considerable quantity of the flour was returned to the plaintiff and this was replaced by plaintiff with other flour. But the evidence discloses that this shipment was also inferior and was not the quality of flour specified in the contract of sale. The defendant then sent a written notice to the plaintiff milling company, in which the company was informed that he, the defendant, refused to accept the remainder of the flour under the contract because it was not the quality which was specified in the contract, nor was its quality equal to that which he had formerly received from the plaintiff. At the close of the defendant's evidence the court overruled the plaintiff's motion for a directed verdict and also refused to allow the defendant's counterclaim for the damages which he alleges he sustained as a result of a decrease in the volume of his business because of the alleged defective quality of the bread he made from the flour bought from the plaintiff.

The record fairly discloses that the flour shipped to the defendant by plaintiff was of an inferior grade and was

not that specified in the contract. We conclude that where the plaintiff milling company shipped flour of an inferior grade to the defendant purchaser, under a written contract therefor, and later, in an attempt to satisfactorily adjust a complaint made by the purchaser, shipped other flour, which was also defective and of another brand than that specified in the contract, in such case the defendant was justified in rescinding the contract and refusing to accept the remainder of the shipment, and such plaintiff company cannot recover damages for the alleged breach. No other verdict than that rendered should have been returned by the jury.

Reversible error does not appear. The judgment is in all things

AFFIRMED.